Argued and submitted April 27, reversed and remanded with instructions
December 5, 2001

In the Matter of the Suspension of
the Driving Privileges of

## HAL SCOTT GILLIAM,
*Respondent,*

*v.*

## OREGON DEPARTMENT OF TRANSPORTATION,
Driver and Motor Vehicles Services Branch (DMV),
*Appellant.*

000369CV; A110901

36 P3d 509

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Jim Carpenter argued the cause for respondent. With him on the brief was Kilpatricks.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The Driver and Motor Vehicles Services Branch (DMV) appeals from a judgment that reversed DMV's suspension of petitioner's driving privileges. DMV imposed the suspension on the ground that petitioner had refused to take a breath test under circumstances that subjected him to suspension of his driving privileges for the refusal. The trial court reversed the suspension on the ground that the police officer who had administered the breath test had failed to follow the administrative rules that governed it. We reverse the judgment and reinstate the suspension.

A police officer arrested petitioner for driving under the influence of intoxicants. After the arrest, the officer asked petitioner to take a breath test, which petitioner agreed to do. The officer used an Intoxilyzer 5000 to conduct the test. He instructed petitioner to blow into the Intoxilyzer's breathing tube and to generate a steady tone. The test started at 10:05 p.m. Petitioner did not generate a steady tone. He would begin to blow and then would stop a second or two after the tone started. The officer told petitioner to blow harder and to maintain a steady tone. The officer said that petitioner did not appear to be trying to blow hard and that he thought that petitioner was trying to "toy" with the test. At one point, petitioner took the breathing tube from his mouth and told the officer that he was trying to comply with the officer's instructions but could not. The officer told petitioner that, if he did not comply with the instructions by blowing hard enough to generate a steady tone, the officer would treat that action as a refusal. Petitioner put the breathing tube back in his mouth but did not generate a tone. The officer pushed the Start Test button at 10:06 p.m. The Intoxilyzer produced a refusal card stating that petitioner had refused to take the breath test.

Petitioner requested a hearing on his suspension. The hearings officer found that petitioner had feigned his inability to perform the breath test and thereby had refused to take the test. Based on that finding, the hearings officer affirmed the suspension of petitioner's driving privileges. On review, the trial court reversed and reinstated petitioner's driving privileges. The court reasoned that OAR 257-030-0070 required the officer to give petitioner three minutes to

produce a valid test result before the officer could treat petitioner's failure to produce that result as a refusal to take the test.

OAR 257-030-0070 prescribes the approved methods for operating the Intoxilyzer 5000 and generating a refusal card. OAR 257-030-0070(4)(c) provides, in relevant part, that a breath test ends when any of these four events occurs:

"(A)   The instrument has accepted the breath sample and displayed the result; or

"(B)   The subject test is aborted by action of the operator or by the instrument; or

"(C)   The three minute request period has lapsed; or

"(D)   The operator has depressed the Start Test button to indicate a refusal."

Here, the officer depressed the Start Test button to indicate that petitioner had refused to take the test.

An operator is authorized to end a breath test by depressing the Start Test button under the circumstances described in OAR 257-030-0070(5)(d), which provides, in part:

"If *during* the three minute request period the subject refuses, through some willful act, to follow the instructions to provide an adequate breath sample, the operator may depress the 'Start Test' button to terminate the breath test request phase."

(Emphasis added.) OAR 257-030-0070(5)(d) specifically authorizes an operator to end a test before the three-minute request period ends if the subject refuses "through some willful act, to follow the instructions to provide an adequate breath sample." The hearings officer found that petitioner had feigned an inability to take the breath test. Petitioner argues that his conduct in doing so was not a willful act under OAR 257-030-0070(5)(d) that would permit the officer to stop the test. We reject that proposition. The officer acted in accordance with the applicable administrative rules in conducting petitioner's breath test. The court therefore erred in overturning the suspension of petitioner's driving privileges.

Reversed and remanded with instructions to reinstate the suspension of petitioner's driving privileges.